DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| OSBERT E. POTTER[1], Lieutenant Governor, in his capacity as Commissioner of Insurance and EDITH BLYDEN,<br><br>    Plaintiffs,<br><br>v.<br><br>PHOENIX FIRE AND MARINE INSURANCE COMPANY LTD, HAROLD ROJAS, and BERNADETTE MARTIN,<br><br>    Defendants. | Civil No. 1991-271 |

**ATTORNEYS:**

**Claude Walker, Attorney General**
**Carol Thomas-Jacobs, AAG**
Office of the Attorney General
St. Thomas, U.S.V.I.
    *For the Virgin Islands.*

**Pedro K. Williams, Esq.**
Law Office of Frazer and Williams
St. Thomas, U.S.V.I.
    *For Edith Blyden.*

**Tina La Borde, Esq.**
**Chris Q. Bottimore, Esq.**
Legal Services of the Virgin Islands, Inc.
St. Thomas, U.S.V.I.
    *For Harold Rojas.*

**Marshall A. Bell, Esq.**
Marshall Bell & Associates
St. Thomas, U.S.V.I.
    *For Bernadette Martin.*

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the caption of this matter was changed to reflect the substitution of the current Lieutenant Governor as a party.

**ORDER**

**GÓMEZ, C.J.**

Before the Court is the motion of Lieutenant Governor Osbert E. Potter in his capacity as Commissioner of Insurance, in which he asks to be discharged as Liquidator of Phoenix Fire and Marine Insurance Company, Ltd ("motion to discharge").

In July, 1991, the Commissioner of Insurance of the Virgin Islands ("the Commissioner") filed a petition for conservatorship over Phoenix Fire and Marine Insurance Co., Ltd. ("Phoenix") in this Court. In his petition, the Commissioner stated that Phoenix had numerous outstanding insurance claims. The Commissioner explained that Phoenix was insolvent and without available funds to pay its outstanding claims. The Commissioner petitioned the court to compel Phoenix to cease and desist the conduct of the business of insurance in the Virgin Islands. The Court entered a Judgment of Conservatorship on July 22, 1991.

On April 14, 2005, the Commissioner filed a petition for liquidation of the assets of Phoenix. In his petition, the Commissioner, in pertinent part, informed the Court that

> 3. Pursuant to the Commissioner's Petition for Conservatorship, on July 22, 1991, the District Court of the Virgin Islands issued a Judgment of

Conservatorship. appointing [sic] the Lieutenant Governor, as Commissioner of Insurance, Conservator of Phoenix Fire. **See Exhibit A.**

4. Consistent with the Court's order, and on behalf of policyholders in the U.S. Virgin Islands, the Commissioner has taken possession of and conserved the assets of Phoenix Fire related thereto.

5. However, despite the conservation of Phoenix Fire's available assets, the company remains insolvent, and the company has not engaged in business operations for approximately fourteen (14) years. Further, there appears to be no likelihood that Phoenix Fire will become solvent by any reasonable circumstance.

6. An examiner of the Insurance Division inventoried the outstanding U.S. Virgin Islands claims which remain unpaid by Phoenix Fire for unearned premiums and Hurricane Hugo losses, and the aggregate of the outstanding claims is approximately $6,000,000. **See Exhibit B.**

7. The Conservator has been unable to obtain additional monies that may be obligated to the company by reinsurance carriers. It has always been the position of the Conservator that recovery of such reinsurance funds was speculative at best; and, at this juncture, the Conservator does not believe that there is any likelihood of recovery for such claims. To that end, and more importantly, the statute of limitations has been raised as a defense by the reinsurers. **See Exhibit C.** While the Conservator could take legal action against the reinsurers, such an action would likely be futile, in light of the fact that the claims do appear to be time-barred by the statute of limitations. Moreover, it would be difficult, if not impossible, to reconstruct the necessary records to undertake such an action without the assistance of Phoenix's principals, and it is unlikely that the Conservator would be able to obtain the cooperation of such individuals. Finally, it would be extremely expensive and time consuming to undertake such litigation in the London courts; and after fourteen (14) years, Phoenix's resources would be better utilized to satisfy the remaining claims that

> are due, especially when it is not even certain how much compensation would be recovered from the reinsurers if such litigation were successful.
>
> 8. Accordingly, pursuant to 22 V.I.C. §§ 1255 and 1257, the Conservator wishes to liquidate the assets of Phoenix Fire pursuant to the Conservator's Proposed Liquidation Plan, attached hereto as **Exhibit D**.

*Pet. for Liquidation*, ECF No. 230 at 2-3 (emphasis in the original).

The Commissioner's proposed liquidation plan, captioned "Plan of Operation of the U.S. Virgin Islands Liquidator," in pertinent part, provides that

> VI. <u>Termination of Proceedings</u>:
>
> When all assets have been collected and distributed under this plan, the liquidator shall apply to the court for discharge. The court may grant discharge and make any other order, including an order to transfer any remaining funds that are uneconomical to distribute, as may be deemed appropriate.

*Plan of Operation*, ECF No. 230, Exhibit D at 2.

The Court entered an Order of Liquidation on November 30, 2006, and permitted the Commissioner to liquidate the property and assets of Phoenix. In the Order of Liquidation, the Court also authorized the Commissioner to "implement the Plan of Operation for liquidated Phoenix Fire's assets, incorporated herein by reference." *Id*. at 7. Additionally, the Court retained jurisdiction over this matter "for the purpose of granting such other and further relief as this cause, the interests of the

policyholders, reinsureds, creditors and stockholders of Phoenix Fire and the public may require." *Id*.

On February 1, 2017, the Commissioner filed a motion to discharge the Commissioner as liquidator. The Commissioner informed the Court that $15,936,228.13 had been paid to claims under Phoenix policies. In addition, $298,452.38 in unearned premiums was disbursed to policy holders. A balance of $3,819,449.76 in outstanding claims and unearned premiums remains. The Commissioner has been unable to contact these potential claimants. The Commissioner currently holds $1,806,169.10 in trust. The Division of Banking and Insurance, Office of Lieutenant Governor (the "Insurance Division") has incurred $400,000 in administrative costs during the Liquidation Proceedings.

The Commissioner asks the Court to discharge him as Liquidator in this matter. The Commissioner also requests that, after awarding the Insurance Division $400,000, the Commissioner be allowed to deposit the remaining $1,396,169.10 in unclaimed funds with the Commissioner of Finance.

The premises considered, it is hereby

**ORDERED** that the motion to discharge liquidator docketed at ECF Number 253 is **GRANTED**; it is further

**ORDERED** that the Commissioner is discharged from the duties and obligations of Liquidator for Phoenix; it is further

**ORDERED** that $400,000 of the remaining unclaimed funds is awarded to the Division of Banking and Insurance, Office of the Lieutenant Governor, to cover administrative costs incurred during the liquidation of Phoenix; it is further

**ORDERED** that the Commissioner shall deposit the remaining unclaimed funds with the Commissioner of Finance who shall create a fund, which shall be designated as the "Phoenix Fire Trust Fund," into which the unclaimed funds shall be deposited; it is further

**ORDERED** that the Phoenix Fire Trust Fund created by the Commissioner of Finance shall be used exclusively for the purposes of paying, without interest, Phoenix Fire policyholders who are entitled to recovery on their insurance claims; and it is further

**ORDERED** that any funds remaining unclaimed after six years from the date of this Order shall be escheated and be deposited into the Insurance Guaranty Fund; it is further

**ORDERED** that the Commissioner shall, once a week for a four consecutive weeks, publish this Order in a newspaper of general circulation in the Virgin Islands that uses newsprint and in a Virgin Islands online newspaper; and it is further

**ORDERED** that the Commissioner shall provide an accounting of the outstanding balance and distribution of the Phoenix Fire Trust Fund on the first day of January, April, July, and November for the next six years following entry of this Order.

                                      S\_____
                                        **Curtis V. Gómez**
                                        **District Judge**